**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| KEITH DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26CV636 |
| | ) | |
| ICON PRODUCTIONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Motion to Extend Time for Service of Process (Docket Entry 4). (See Docket Entry dated Oct. 8, 2026 (referring instant Motion to undersigned Magistrate Judge).) Because Plaintiff has not shown good cause for the requested extension of the service deadline and the circumstances of the case do not warrant the Court's exercise of its independent discretion to extend the service deadline, the Court will deny the instant Motion and should dismiss this action without prejudice under Federal Rule of Civil Procedure 4(m).

INTRODUCTION

Plaintiff commenced this action pro se (see, e.g., Docket Entry 1 at 1 (describing Plaintiff as "appearing pro se")), but not as a pauper (see Receipt of Funds dated July 6, 2026 (showing payment of filing fee)), by filing a Complaint against Defendants for "alleged unauthorized acquisition, use, adaptation, exploitation, and commercialization of Plaintiff['s ] original

screenplay and dramatic concept concerning the final hours of Jesus Christ" (Docket Entry 1 at 1), via their "incorporat[ion] into the motion picture 'The Passion of the Christ,' released in 2004" (id. at 2; see also id. at 1 ("Defendants obtained access to Plaintiff's screenplay through submissions and communications [he] made to Defendant Roosevelt 'Rosey' Grier and affiliated entities."), 2 (identifying Defendant Grier as "former professional football player and public figure who communicated directly with Plaintiff regarding Plaintiff's screenplay," Defendant Icon Productions, LLC as "production entity associated with the creation, financing, production, and/or distribution of 'The Passion of the Christ,'" and Defendant Mel Colmcille Gerard Gibson as "actor, producer, director, and screenwriter associated with the film 'The Passion of the Christ'")). Plaintiff filed the Complaint on July 6, 2026 (see id. at 1 (bearing date-stamp for filing on that date)) and the Clerk promptly issued Summonses for Defendants (see Docket Entry 3 at 1, 3, 5 (showing issuance of each Summons on July 10, 2026)). On October 6, 2026, Plaintiff filed the instant Motion (see Docket Entry 4 at 1 (bearing date-stamp for filing on that date)), "request[ing] under Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A) that the Court extend the time to complete service of the [S]ummons[es] and [C]omplaint through November 9, 2026" (id.).

## DISCUSSION

"[P]laintiff is responsible for having the [S]ummons[es] and [C]omplaint served within the time allowed by Rule 4(m) [of the Federal Rules of Civil Procedure (the "Rules")] . . . ." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve [the S]ummons[es] and [C]omplaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). "If a [D]efendant is not served within 90 days after the [C]omplaint is filed, the [C]ourt – on motion or on its own after notice to [ P]laintiff – must dismiss the action without prejudice against that [D]efendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); see also id. ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); Gelin v. Shuman, 35 F.4th 212, 220 (4th Cir. 2022) ("[U]nder Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule."); Monroe v. Adams, No. 1:24CV770, 2026 WL 879993, at *1 (M.D.N.C. Mar. 30, 2026) (unpublished) (Schroeder, J.) (rejecting "conten[tion] that [Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019)] require[d] dismissal because [the plaintiff] ha[d] not shown good cause for his failure to timely serve [the defendant]" and explaining that

"Gelin's interpretation of the discretion afforded district courts under Rule 4(m) controls").

Here, as documented in the Introduction, Plaintiff filed the Complaint on July 6, 2026, and thus his allotted time to serve Defendants lapsed on Monday, October 5, 2026, i.e., the first business day following the ninetieth day (Sunday, October 4, 2026) beyond July 6, 2026. See Fed. R. Civ. P. 6(a)(1) (establishing standard for computing deadlines set by the Rules). Because (again, as the Introduction documents) Plaintiff did not file the instant Motion until October 6, 2026,[1] the Court's Local Rules required him to file a brief in support. See M.D.N.C. LR 7.3(a) ("All motions, unless made during a hearing or at trial, . . . shall be accompanied by a brief except as provided in section (j) of this rule."); M.D.N.C. 7.3(j) (excepting 10 motions from briefing requirement, including motions "for extension of time for

1 Plaintiff dated the instant Motion as signed on October 5, 2026 (see Docket Entry 4 at 2) and (according to markings on the conveying envelope) shipped the instant Motion to the Court that same day (see Docket Entry 4-1 at 1), but such steps "do[] not constitute filing," Booker v. Armacell, LLC, No. 1:24CV1109, 2026 WL 622574, at *3 (M.D.N.C. Mar. 5, 2026) (unpublished) (Bragdon, J.), appeal filed, No. 26-1564 (4th Cir. May 5, 2026). Rather, "[a] paper not filed electronically is filed by delivering it . . . to the [C]lerk[.]" Fed. R. Civ. P. 5(d)(2)(A). As such, the instant Motion "was not filed until delivered." Booker, 2026 WL 622574, at *3 (citing Raymond v. Ameritech Corp., 442 F.3d 600, 604-05 (7th Cir. 2006), and McIntosh v. Antonino, 71 F.3d 29, 36-37 (1st Cir. 1995)); accord, e.g., Ross v. City of Charleston, No. 2:20CV670, 2021 WL 3088005, at *3 (S.D. W. Va. July 22, 2021) (unpublished); Gladden v. McHugh, No. 8:10CV3402, 2012 WL 474092, at *4 (D. Md. Feb. 13, 2012) (unpublished), aff'd, 476 F. App'x 415 (4th Cir. 2012).

the performance of an act required or allowed to be done, provided request therefor is made before the expiration of the period originally prescribed or as extended by previous orders," but not extension motions filed after passage of deadline).[2] Plaintiff's failure to file the required brief (see Docket Entries dated Oct. 6, 2026, to present (showing no such filing)) alone warrants denial of the instant Motion, see M.D.N.C. LR 7.3(k) ("A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied.").

Furthermore, the instant Motion does not establish good cause for extension of the service deadline under Rule 4(m). The instant Motion predicates Plaintiff's good cause showing on his "efforts to accomplish service within the prescribed period" (Docket Entry 4 at 2), in particular his "unsuccessful sheriff's attempt, outstanding mailing[s to Defendants], and pending return receipts" (id.). Those efforts do not satisfy Rule 4(m)'s good cause standard.

---

2 Plaintiff's failure to file the instant Motion before the service deadline passed also precludes his reliance on "[Rule] 6(b)(1)(A) [for his request] that the Court extend the time to complete service" (Docket Entry 4 at 1). See Fed. R. Civ. P. 6(b)(1)(A) (allowing extension for good cause only "if the court acts, or if a request is made, before the original time or its extension expires"). To the extent Rule 6(b)(1) could apply to the instant Motion, because Plaintiff "made [it] after the time ha[d] expired," Fed. R. Civ. P. 6(b)(1)(B), he would have to show (in addition to good cause) that he "failed to act because of excusable neglect," id. The instant Motion does not make (or even attempt to make) any such showing. (See Docket Entry 4 at 1-2 (failing to address excusable neglect standard).)

Starting with the first of those efforts, the instant Motion elaborates only that Plaintiff made "[a]n earlier attempt through the Los Angeles County Sheriff's Department [("LACSD") which] was unsuccessful; the papers were returned with an explanation that [the LACSD] did not serve federal court documents." (Id. at 1.) Notably, the instant Motion does not state when (within the 90-day service window) Plaintiff (A) sent the service documents to the LACSD or (B) received notice that the LACSD would not serve Defendants. (See id.) Hence, the instant Motion's invocation of that service attempt does not establish the requisite good cause, as it does not show that Plaintiff acted diligently during the service period as a whole. See Gelin, 35 F.4th at 218 ("'Good cause' requires a showing of diligence on the part of the plaintiffs. . . . [S]ignificant periods of inactivity . . . tend to undercut any claim of good cause." (some internal quotation marks omitted)); see also id. (upholding finding that the plaintiffs "failed to establish 'good cause'" where their service efforts "amounted to a single search for addresses by the process server after the process server discovered that those defendants were no longer working at the[ir prior workplace]").

Nor does the Court find good cause under Rule 4(m) based on Plaintiff's "outstanding mailing[s to Defendants], and pending return receipts" (Docket Entry 4 at 2). As to those matters, the instant Motion states that, after learning the LACSD would not

serve Defendants, "Plaintiff subsequently sent certified-mail packets, return receipt requested, addressed to [ D]efendants." (Id. at 1 (emphasis added); see also id. at 2 ("[T]racking reports [show] that the packet addressed to [Defendant ] Grier . . . was delivered on September 24, 2026. . . . Th[e other] two packets were addressed to the same street address. Plaintiff is awaiting the return receipts to identify the recipients and document delivery.").) Those mailings do not provide a basis for a finding of good cause because the instant Motion "provide[s] no basis to justify why [Plaintiff would have] believed that service on [Defendants by such mailings] would constitute effective service on [them]," Gelin, 35 F.4th at 218, and the plain language of Rule 4 forecloses any such justification, see Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint." (emphasis added)); see also Cummings v. Potter, No. 1:06CV76, 2006 WL 8447876, at *2 n.1 (M.D.N.C. Oct. 27, 2006) (unpublished) (Dixon, M.J.) ("[U]nder Rule 4(c)(2), service must be effected by a person not a party to the action. Thus, [the p]laintiff cannot satisfy Rule 4 by effecting service himself."), recommendation adopted, slip op. (M.D.N.C. Dec. 19, 2006). "In short, [any] mistaken belief that [Plaintiff's] service on [Defendants by mail could] ha[ve] been adequate was simply unreasonable," Gelin, 35 F.4th at 218, and thus "fail[s] to establish 'good cause' within the meaning of Rule 4(m)," id.

The instant Motion "alternatively requests a discretionary extension under Rule 4(m)." (Docket Entry 4 at 2.) "[U]nder Rule 4(m), [the C]ourt possesses discretion to grant [ P]laintiff an extension of time to serve [ D]efendant[s] with the [C]omplaint and [S]ummons[es] even absent a showing of good cause by [ P]laintiff for failing to serve [ D]efendant[s] during the 90-day period provided by [] Rule [4(m)]." Gelin, 35 F.4th at 220. "Nevertheless, having reviewed the claims [in the Complaint], the Court concludes that no such extension is needed because the claims against [all] Defendants should be dismissed for a separate reason." Greene v. Durham Cnty. Police Dep't, No. 1:13CV452, 2014 WL 6609676, at *1 (M.D.N.C. Nov. 20, 2014) (unpublished) (Eagles, J.) ("adopt[ing] in full" recommendation of United States Magistrate Judge Joi E. Peake containing foregoing language), aff'd, 608 F. App'x 154 (4th Cir. 2015).

Specifically, "Plaintiff's allegations against . . . Defendants stem from [conduct] occurring," id., no later than "2004, [when] Defendant Gibson released the motion picture 'The Passion of the Christ'" (Docket Entry 1 at 4; see also id. at 1-2 (alleging that Defendants violated Plaintiff's rights by turning his screenplay into said motion picture), 3-4 (alleging that "Plaintiff completed initial version of [said] screenplay during approximately early 1993," after which he "mailed copies of [said] screenplay and related materials to Defendant Grier," who

"subsequently contacted Plaintiff by telephone and discussed [said] screenplay," whereupon Plaintiff "completed a revised screenplay format during approximately mid-1993," which he "mailed . . . to Defendant Grier," but that Plaintiff "never received further communication regarding the production of the screenplay"), 5 (asserting claim for "Copyright Infringement" based, inter alia, on foregoing allegations and further allegations that "Defendants had access to Plaintiff's screenplay through submissions and communications made to Defendant Grier and related entities" and that "Defendants copied, adapted, used, exploited, and commercially benefitted from protected elements of Plaintiff's screenplay" (all-caps font omitted))). However, "[t]he Copyright Act's statute of limitations provides that a copyright owner must bring an infringement claim within three years of its accrual." Warner Chappell Music, Inc. v. Nealy, 601 U.S. 366, 368 (2024) (citing 17 U.S.C. § 507(b)). "And [such] a claim accrues when one has knowledge of a violation or is chargeable with such knowledge." Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001) (internal quotation marks omitted).

Per the Complaint, upon the release of "The Passion of the Christ" in 2004, "Plaintiff immediately recognized what Plaintiff believed to be substantial similarities between his screenplay and the released motion picture." (Docket Entry 1 at 5 (emphasis added).) The Complaint further alleges that "Plaintiff made

written statements concerning these allegations in or about 2007" (id. at 4 (emphasis added)), as corroborated by letters he attached to the Complaint (see, e.g., Docket Entry 1-3 at 1-2 (recounting, in letter from Plaintiff to *Inside Edition* dated "April 06, 2007," statements mirroring allegations of Complaint regarding Plaintiff's creation of screenplay in 1993, as well as his subsequent communications with Defendant Grier about that screenplay, and "contend[ing therein] that [Plaintiff's] script (screenplay) was either given to or stolen by [Defendant] Gibson and/or his associates" and then used to "produce[] the very popular movie 'The Passion of the Christ'" (italics omitted))). In sum, based on the Complaint's allegations and attachments, Plaintiff's copyright infringement claim accrued no later than 2007 and the limitations period for any such claim ran no later than 2010, i.e., more than a decade and a half before he filed the Complaint in 2026.

Accordingly, on its face, Plaintiff's copyright infringement claim is "untimely by more than fifteen (15) years . . . and should, consequently, be dismissed as frivolous." Zey v. South Carolina, Civ. Action No. 2:11-2481, 2011 WL 5082256, at *5 (D.S.C. Oct. 3, 2011) (unpublished), recommendation adopted, 2011 WL 5082179 (D.S.C. Oct. 26, 2011) (unpublished); see also, e.g., Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the [district] court, even when the filing fee has

been paid."); Greene, 2014 WL 6609676, at *1 ("The Court may anticipate affirmative defenses that clearly appear on the face of the complaint, including a statute of limitations defense." (citing, inter alia, Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954-55 (4th Cir. 1995) (en banc))).[3]

---

3 Along with the above-discussed claim for copyright infringement, the Complaint purports to assert a separate claim for "Declaratory Relief" (Docket Entry 1 at 6 (all-caps font omitted)), which "seeks a judicial declaration concerning Plaintiff's authorship interests and the relationship between Plaintiff's screenplay and 'The Passion of the Christ'" (id. at 7). "However, declaratory relief is a remedy rather than a separate cause of action." Kim v. Rector & Visitors of Univ. of Va., No. 3:25CV54, 2025 WL 3046192, at *12 (W.D. Va. Oct. 31, 2025) (unpublished). Given the untimeliness of Plaintiff's copyright infringement claim, his related "request for declaratory relief must also fail." Id. Lastly, the Complaint includes state claims for "Fraud and Fraudulent Concealment" (Docket Entry 1 at 6 (all-caps font omitted)) and "Unjust Enrichment" (id. (all-caps font omitted)). See, e.g., Gray v. Remley, No. 1:03CV421, 2004 WL 951485, at *1 (M.D.N.C. Apr. 30, 2004) (unpublished) (Tilley, C.J.) (describing claims for "fraud" and "unjust enrichment" as "state law claims"). The Complaint declares that (A) "[t]his Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 [based on Plaintiff's claim] under federal copyright and intellectual property statutes" (Docket Entry 1 at 2), and (B) "[s]upplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 over [his] related state law claims" (id.). Under that last statute, "district courts may decline to exercise supplemental jurisdiction over a [state] claim . . . if . . . the district court has dismissed all [federal] claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). And, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). As a result, even if Plaintiff's state claims did not fail as untimely under applicable state law (which seems unlikely), the Court would not maintain jurisdiction over those claims and thus would not need to exercise its discretion under Rule 4(m) to extend the service deadline.

## CONCLUSION

Plaintiff has not shown good cause for an extension of the service deadline. Nor do the circumstances of the case warrant the Court's exercise of its independent discretion to extend that deadline; to the contrary, the record conclusively establishes the frivolousness of Plaintiff's only federal claim.

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 4) is **DENIED.**

**IT IS RECOMMENDED** that the Court dismiss this action without prejudice under Rule 4(m).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 14, 2026